UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON FARNSWORTH, et al.,

          Plaintiffs,

v.

CAREY JOHNSON,

          Defendant.

_____/

Case No. 17-10966
District Judge Robert H. Cleland
Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

On March 27, 2017, Plaintiff Tyrone Williams ("Williams") and co-Plaintiff Brandon Farnsworth ("Farnsworth"), filed the current action, alleging violations of their constitutional rights under 42 U.S.C. § 1983. Plaintiffs' claims pertain to the period between July, 2016 and February, 2017, at which time both Plaintiffs were housed at the G. Robert Cotton Correctional Facility ("JCF"), a Michigan Department of Corrections ("MDOC") institution. Currently before the Court is Defendant Carey Johnson's ("Johnson's") January 31, 2020 motion to dismiss William's claims against her for failure to prosecute under Fed. R. Civ. P. 41(b) [ECF No. 47], which has been referred for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing claims by Williams WITH PREJUDICE.

## I. FACTS

Johnson states in the present motion that two attempts to depose Williams, now paroled, have been unsuccessful. [ ECF No. 47, PageID.224]. Johnson states that Williams, now paroled, called to cancel the deposition scheduled for December 10, 2019 on December 9. *Id.* Although Williams received notice by certified mail of a deposition rescheduled for January 17, 2020, he failed to show. *Id.* Johnson states that Williams left a voice mail over one week after the scheduled deposition stating that he had acquired a new job. *Id.* Williams reportedly directed Johnson's attorney to call him but did not leave a telephone number. *Id.* None of the subsequent pleadings indicate that the proposed deposition ever occurred. Johnson notes that under Fed. R. Civ. P. 30, she is entitled to "depose any person, including a party, without leave of the court . . ."

## II. STANDARD OF REVIEW

The Court may dismiss a complaint for failure to prosecute under Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 41(b) permits the Court to dismiss a case *sua sponte* under its inherent power. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> [W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.

### III.  DISCUSSION

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

Regarding the first factor, Williams was noticed for two depositions; he canceled the first deposition only one day before the scheduled date and failed to show up altogether for the second. While over a week later Williams left a voice mail asking Johnson's attorney to call him, he left no telephone number. Moreover, Williams did not notify the Court that his address and contact information changed although he was advised within days of filing the Complaint that the failure to notify the court of address changes could result in the dismissal of his case. [ECF No. 3]. Williams apparently received the notice regarding parties' responsibility to notify the court of address changes, given that nine days after the notice was sent, he provided notice of an address change. [ECF No. 4]. However, he did not keep the Court apprised of subsequent address changes. Aside from his failure to show for two depositions scheduled by Johnson's counsel, *see* Fed. R. Civ. P. 30, he has not complied with this district's Local Rule 11.2,which requires parties unrepresented by attorneys provide contact information. The first *Knoll* factor–willfulness–weights against Williams.

As to the second factor, Johnson has been prejudiced by William's failure to show for scheduled depositions or provide contact information. Johnson "cannot be expected to defend an action" that Williams has "apparently abandoned." *White v. Bouchard*, 2008 WL 2008 WL 2216281, *5 (E.D. Mich. May 27, 2008)(Hood, C. J.). Plainly stated, Williams' failure to show for two scheduled depositions wasted both the time and money of Johnson's counsel.

For overlapping reasons, the third factor - whether Williams received notice that his failure to prosecute his case would result in dismissal–is satisfied. He was warned that his

failure to provide updated contact information to the Court could result in the dismissal of his claims. [ECF No. 3]. As to the fourth factor, because Williams has not provided current contact information, sanctions less than dismissal are futile. *See Davis v. Wallace,* 2019 WL 3294100 (February 6, 2019) *report and recommendation adopted* 2019 WL 3288977 (E. D. Mich. Jul 22, 2019)("there is no point in imposing lesser sanctions, since again, the Plaintiff appears to have abandoned his case and is effectively incommunicado").[1]

### IV. CONCLUSION

Accordingly, I recommend that Defendant Johnson's motion to dismiss [ECF No. 47] be GRANTED, dismissing claims by Plaintiff Williams against her WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of

---

[1] While a response was filed to the current motion to dismiss William's claims, it was written and signed by Williams' co-Plaintiff Farnsworth, not Williams. Farnsworth, a *pro se* litigant, cannot represent anyone but himself. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Because pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause.")(internal quotations omitted). Further, Farnsworth's response does not address Johnson's contentions that claims by Williams should be dismissed for failure to prosecute.

objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc., and any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," *etc.*

                                                   s/R. Steven Whalen
                                                   R. STEVEN WHALEN
                                                   United States Magistrate Judge

Dated: March 30, 2020

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 30, 2020 electronically and/or by U.S. mail.

                                                   s/Carolyn M. Ciesla
                                                   Case Manager