UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON FARNSWORTH, et al.,

          Plaintiffs,

v.

CAREY JOHNSON,

          Defendant.

_____/

Case No. 17-10966
District Judge Robert H. Cleland
Magistrate Judge R. Steven Whalen

**ORDER DENYING PLAINTIFF FARNSWORTH'S MOTIONS FOR DEFENDANT TO UNDERGO A MENTAL HEALTH EXAMINATION [ECF No. 59] AND FOR DEPOSITION TRANSCRIPTS [ECF Nos. 64-65]**

Plaintiff Brandon Farnsworth ("Plaintiff") is an inmate currently housed at the Macomb Correctional Facility, a Michigan Department of Corrections ("MDOC") institution, filed suit in this Court on March 27, 2017 alleging violations of his Eighth Amendment rights under 42 U.S.C. § 1983.

Plaintiff asks the Court to compel a mental health examination of Defendant Carey Johnson. ECF No. 59. In support of the motion, Plaintiff states that Defendant Johnson has been employed by the MDOC for 25 years and "has seen offenders commit crimes that would mess with one's mental health." ECF No. 59 , PageID.285. He requests the examination "to see if [Johnson] is able to defend herself at trial." *Id.*

Plaintiff's motion to compel a mental examination of Defendant Johnson will be denied. Under Fed. R. Civ. P. 35, the Court may order a party "whose mental or physical

-1-

condition . . . is in controversy" to submit to a physical or mental examination. Rule 35(a)(1). However, Plaintiff has not made a showing of "good cause" for the examination as required by Rule 35(a)(2)(A). Defendant Johnson notes that in addition to the lack of good cause for the examination, "Plaintiff's motion seems to be just an effort to harass [her]." ECF No. 60, PageID.290. The Complaint, alleging harassment by Defendant Johnson, does not include claims that the Eighth Amendment violations were attributable in any part to her psychological condition. Nor has Defendant Johnson put her psychological condition at issue in defending against Plaintiff's claims.

Plaintiff Farnsworth's two motions for deposition transcripts [ECF Nos. 64-65], seeking copies of deposition transcripts at no cost will be denied. Even when a plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), the Court has no authority to finance or order the payment of litigation expenses. "A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts." *Smith v Yarrow*, 78 Fed Appx 529, 544 (6th Cir. October 20, 2003); *see also Coates v. Kafczynski*, 2006 WL 416244, *2-3 (W.D. Mich. 2006); *Edkins v. United States*, No. 15-10615, 2015 WL 13036673, *1 (E.D. Mich. 2015).

Accordingly, Plaintiff Farnsworth's motion for Defendant to undergo a mental health examination [ECF No. 59] is DENIED. Likewise, his motions for deposition transcripts [ECF Nos. 64 and 65] are DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: June 8, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 8, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager